[No. 3740. Decided August 27, 1901.]

WILLIAM W. SEYMOUR, *Appellant,* v. ROBERT FROST, *as Treasurer of Thurston County, Respondent.*

COUNTIES—FUND FROM WHICH BOND INTEREST PAYABLE.

Under the revenue law of 1897 (Laws 1897, p. 136), providing for but two county funds,—the "current expense fund" and the "county indebtedness fund," and that "the tax for payment of county current expenses shall be based upon an itemized statement of the estimated county expenses for the ensuing fiscal year," and that "the tax for the payment of county indebtedness shall be based upon the indebtedness of the county," interest falling due upon county bonds issued under Laws 1887-88, p. 12, and Laws 1889-90, p. 37, is properly classed as county indebtedness and payable from the "county indebtedness fund," in the absence of provisions in the acts authorizing such bonds limiting payment to the methods prescribed therein.

Appeal from Superior Court, Pierce County.—Hon. OLIVER V. LINN, Judge. Affirmed.

*Stiles & Nash,* for appellant.

*George H. Funk,* for respondent.

The opinion of the court was rendered by

WHITE, J.—This is a suit in equity on behalf of the appellant, and all others holding county warrants like himself, against the treasurer of Thurston county. The appellant avers that he is the owner and holder of warrants drawn on the general fund of the county. The controversy is over the question of the right of the respondent treasurer to pay the interest on two certain bond issues of the county out of moneys levied for the benefit of the "county indebtedness fund and moneys paid into the indebtedness fund from the various sources prescribed in the law of 1897, which created said "county indebtedness fund." The appellant claims that the interest should not be paid out of said fund. The relief prayed for was denied by the court below. These bonds consist, first, of bonds in the amount of $75,000, refunded under the act of 1887 and 1888 (pp. 12, 13); and, second, of bonds in the amount of $150,000, issued under the Laws of 1889-90 (pp. 37-39). Appellant says, first, that the interest on the bonds refunded under the act of 1887 and 1888 should be paid by funds raised by special tax levied under the authority conferred by virtue of § 3 of said act; second, that the interest upon the other issue of bonds should be paid out of the "county current expense fund"; and that the only indebtedness than can lawfully be paid out of the "county indebtedness fund" is the general fund warrants of the county unpaid on the 1st day of February, 1898, that fund being, as the appellant claims, created solely for the redemption of the warrants outstanding on the date last above mentioned. Prior to the enactment of the revenue law of 1897, there were five general county funds, to-wit: "the salary fund," created by the law of 1889 and 1890 (p. 314), which fund was created for the specific purpose of paying the salaries of

the various county officers, and from which no other expenses of the county could lawfully be paid; the "general fund," or "county fund," as it is sometimes spoken of in the statutes; the "road fund"; the "bridge fund"; and the "general school fund." See Laws 1893, p. 351, § 64. The refunding act of 1887-88 provides that there shall be levied each year a tax upon the taxable property of the county sufficient to pay the interest on the bonds refunded as the same accrues. Section 3, p. 13, Laws 1887-88. The act of 1890 authorizing counties to contract indebtedness and issue bonds therefor, provides that the bonds shall bear interest at a rate not exceeding 7 per cent. per annum, payable annually, with coupons attached for each interest payment; and that the interest coupons shall be considered for all purposes as warrants drawn upon the general fund of the county. Sections 4, 8, pp. 38, 39, Laws 1889-90. The law of 1897 relating to revenue and taxation provides:

"The tax for payment of county current expenses shall be based upon an itemized statement of the estimated county expenses for the ensuing fiscal year. . . . The tax for the payment of county indebtedness shall be based upon the indebtedness of the county: . . . provided that all collections made on and after the first day of February, 1898, for delinquent county taxes for the year 1896 and prior years, be credited to the county indebtedness fund, and with the taxes collected from the levy for payment of county indebtedness shall be paid and applied upon the county indebtedness outstanding on said 1st day of February, 1898." Laws 1897, p. 166, § 62.

The record in this case shows that the county commissioners of Thurston county, Washington, in making the tax levy for the years 1897, 1898, and 1899, respectively, based their levy for the "indebtedness fund" upon the unpaid indebtedness of the county, including both bonded indebtedness and warrant indebtedness,  and made one

joint levy of $2\frac{1}{2}$ mills upon the taxable property of the county in each of said years for the benefit of the "county indebtedness fund"; that no separate levy was made during said three years for the payment of bond interest or warrant indebtedness, and no levy whatsoever was made during said three years above referred to for either of said purposes, except the joint levy of $2\frac{1}{2}$ mills as above recited. The agreement between the county and the holders of the bonds issued under the acts of 1887-88 and 1890 is that the county will pay interest on the bonds at the rate specified, not that it will pay it out of any particular fund. There is nothing in the law under which the bonds were issued providing for a particular fund out of which to pay the interest. The law of 1887-88 simply provides that there shall be levied each year a tax sufficient to pay the interest. The law of 1890 is silent as to the levy of a tax to pay the interest, but provides that the interest shall be paid annually, and that the interest coupons shall be the same as warrants drawn on the general fund of the county. The interest on both issues of bonds is an indebtedness of the county, and the power even to levy a special tax to pay the interest is not to be construed as the only method of paying unless the act granting the power expressly so provides.

"The bonds and other negotiable paper issued by a municipality ordinarily are general debts, and the holder is entitled to have them paid out of the general funds of the city; and it is to be inferred that the legislature intends to authorize it to raise and pay them, and the interest thereon, as it falls due, by taxation, unless there is in the act authorizing the issue, or some general law, a limitation upon the power of taxation, which repels such an inference." Simonton, Municipal Bonds, § 134; *Mutual Benefit Life Ins. Co.* v. *Elizabeth,* 42 N. J. Law, 235; *United States* v. *Clark County,* 96 U. S. 211; *Avery* v. *Job,* 25 Ore. 512 (36 Pac. 293).

In § 62, Laws 1897, *supra,* the legislature speaks of the indebtedness of the county in general terms, showing that it had in mind all classes of county indebtedness. The object of this provision was to place counties upon a cash basis by providing a new fund for the current expenses of the county independent of the existing indebtedness, while at the same time making provision for payment of such indebtedness by the creation of the indebtedness fund. If the levy made to pay this indebtedness, including outstanding warrants and interest on bonds, is insufficient, the commissioners may be required to increase the levy up to five mills. The appellant does not invoke such a remedy in this case. We think the indebtedness fund provided for in § 62, *supra,* is the fund out of which the interest on the bonds in question, as well as warrants evidencing other indebtedness of the county, must be paid.

The judgment of the court below is affirmed, with costs to respondent.

REAVIS, C. J., and FULLERTON, DUNBAR, and ANDERS, JJ., concur.